SHANNON LEE DESHAY V. MARK D. BEATTY






COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-444-CV
 
SHANNON LEE DE SHAY   
                                                       APPELLANT
V.
MARK D. BEATTY
                                                                   
APPELLEE
------------
FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
In this contract case, appellant Shannon Lee De Shay appeals a summary
judgment granted in favor of appellee Mark Beatty. In two issues on appeal, De
Shay asserts that the evidence was legally insufficient to support the summary
judgment. We will affirm.
Background
On December 6, 2001, De Shay and Beatty entered into an agreement:

 In consideration of the agreement of Mark D. Beatty ("Beatty") to
 execute a promissory note in the principal amount of Seven Thousand and No/100
 ($7,000.00) Dollars in favor of Wells Fargo Bank Texas, NA ("Bank"),
 dated on or about December 7, 2001, ("Note"), Beatty and De Shay
 agree as follows:
 
 1. De Shay shall be entitled to the entire proceeds of the Note in the
 amount of $7,000.00, and shall assume the full responsibility for repayment
 of the entire principal and interest due under the term of the Note.
 2. If De Shay should fail to repay any principal or interest due under
 the terms of the Note, requiring Beatty to make any such payments, De Shay
 agrees to indemnify and repay Beatty in full for any such payments within
 thirty (30) days after such payment, if any, are made by Beatty.
 
 

Beatty gave De Shay a personal check for $7,000 when the agreement was signed
because she was leaving town the next day and needed the money to make her house
payment.
On December 12, 2001, Beatty signed a promissory note with Wells Fargo Bank
and sent De Shay "a copy of the Note which I entered into for your benefit
as a result of our December 6th agreement." In his letter to De
Shay, Beatty notified her of the amount of the monthly payments and the address
to which she should send the payments. The first payment was due January 20,
2002.
On January 30, 2002, Beatty wrote De Shay acknowledging her December 14, 2001
voice mail in which she indicated she would prefer to make her payments directly
to Beatty. Beatty also informed De Shay that the loan was technically in default
because neither he nor the Bank had received the initial payment and that if she
did not make a payment by February 8, he would "be forced to repay the loan
in its entirety."
On February 18, 2002, Beatty's attorney sent a collection letter to De Shay.
In the letter, Beatty's attorney stated that because De Shay had ignored the
prior requests for reimbursement, "Mr. Beatty has been left with no
alternative but to repay the terms of the Promissory Note taken out for your
benefit, resulting in payment by him [of] $7,155.15, which includes interest on
the principal amount . . .." Beatty's attorney also stated that Beatty
would pursue litigation if De Shay did not repay the $7,155.15 to Beatty by
March 11, 2002.
On April 9, 2002, Beatty sued De Shay for breach of contract. De Shay filed a
pro se answer in which she acknowledged the loan and stated, "I am willing
to pay back the $7,000 . . . ."
Beatty filed a motion for summary judgment. Attached to the summary judgment
were copies of Beatty's personal check, the December 6 agreement between Beatty
and De Shay, the promissory note, the above-described letters from Beatty to De
Shay dated December 12, 2001 and January 30, 2002, the February 18, 2002 letter
from Beatty's attorney to De Shay, De Shay's pro se answer filed in this
litigation, Beatty's affidavit, and Beatty's attorney's affidavit. In his
affidavit, Beatty stated under oath that under the terms of the December 6
agreement he obtained the promissory note between the bank and himself for De
Shay's benefit, that De Shay had made no payments to either him or the bank,
and, as a result, he had expended $7,155.15 in principal and interest payments
on the note. De Shay did not file a response to the motion for summary judgment,
and the trial court granted summary judgment in Beatty's favor for the $7,000
due on the note, plus interest and attorney's fees.
Discussion
In a summary judgment appeal, the issue is whether the movant met his summary
judgment burden by establishing that no genuine issue of material fact exists
and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c); S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002);
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979). The burden of proof is on the movant, and all doubts about the existence
of a genuine issue of material fact are resolved against the movant. S.W.
Elec. Power Co., 73 S.W.3d at 215; Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999); Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). Therefore, we must view
the evidence and its reasonable inferences in the light most favorable to the
nonmovant. Great Am., 391 S.W.2d at 47. The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant's cause of action or defense as a matter of
law. Clear Creek Basin, 589 S.W.2d at 678.
Absent the filing of an answer or response to the summary judgment motion, on
appeal the nonmovant may only contend that the movant's evidence supporting the
motion was insufficient as a matter of law or that the grounds in the motion do
not dispose of all the claims in the case. Rhone-Poulenc, 997 S.W.2d at
223; Clear Creek Basin, 589 S.W.2d at 678. In two issues on appeal, De
Shay contends that the trial court erred by granting the motion for summary
judgment because there is a material fact issue concerning whether De Shay is
obligated to pay Beatty.
Specifically, De Shay argues that there is no evidence that Beatty either
received any money from, paid any money to, or incurred any obligation to Wells
Fargo Bank under the terms of the December 6 agreement, a copy of which was
attached as Exhibit C to Beatty's motion. De Shay points out that the note is
not signed by any bank officer, and it has not been shown to have been
authorized by any agent of the bank. The copy of the note, however, is
authorized by Beatty's affidavit as a true and correct copy of the consumer note
and security agreement he entered into, and it is signed by him. De Shay cites
no authority that a promissory note must be signed by the lender to be valid.
In addition to the promissory note, Beatty's affidavit establishes that he
borrowed the money from Wells Fargo Bank pursuant to the terms of the December 6
agreement and that he repaid the loan amount plus interest when De Shay breached
the December 6 agreement. Viewing the evidence in the light most favorable to De
Shay, we hold that the evidence was legally sufficient and that Beatty
conclusively established all of the elements of his breach-of-contract cause of
action as a matter of law. See Clear Creek Basin,589 S.W.2d at 678.
Accordingly, we overrule both of De Shay's issues on appeal.
Conclusion
Having overruled both of De Shay's issues on appeal, we affirm the trial
court's judgment.
 
  
                                                        ANNE
GARDNER
  
                                                        JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: June 26, 2003

1. See Tex. R. App. P. 47.4.